FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 2 5 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

ALFREDO LOPEZ,

Defendant.

14-CR-668

Statement of Reasons for Sentencing
Pursuant to 18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

**Table of Contents**

I. Introduction ..................................................................................................................1
II. Offense Level and Category .........................................................................................1
III. Law ...............................................................................................................................2
IV. 18 U.S.C. § 3553(a) Considerations .............................................................................3
V. Sentence ........................................................................................................................4
VI. Conclusion ....................................................................................................................4

**I. Introduction**

On December 11, 2014, Alfredo Lopez, a citizen of Mexico, was arrested for possession of fraudulent documents. Three months later, on March 3, 2015, defendant pled guilty to one count of passport fraud. *See* 18 U.S.C. § 1543.

Mr. Lopez was sentenced to time served and a supervised release term of three years on June 8, 2015. The proceeding was videotaped to develop an accurate record of the courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for possible review of sentences on appeal).

**II. Offense Level and Category**

The total offense level is 15. The criminal history category is I, yielding a Sentencing Guidelines ("Guidelines") imprisonment range of 18–24 months. U.S.S.G. Ch. 5 Pt. A.

1

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under [section] 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising its own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, justifiable parsimony in incarceration is prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary . . . ."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and*

2

*Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

**IV.    18 U.S.C. § 3553(a) Considerations**

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Mr. Lopez, who is now thirty-five years-old, was raised in impoverished circumstances in Mexico. His father abandoned the family when his mother passed away. Mr. Lopez was five years old. His twelve-year-old brother assumed responsibility for the family and defendant's seven siblings. All worked to meet the basic needs of the family.

At seventeen, after completing two years of high school in Mexico, Mr. Lopez came to the United States. Since then, he has consistently worked construction jobs, residing in either New York or Connecticut.

He met Teresa Perez, whom he considers his common-law wife, when he was nineteen. The two have been in a healthy and loving relationship for the past sixteen years. They have three children together: Astrid Andrea Lopez, age fifteen, Connie Lopez, age nine, and Angel Lopez, age four. Mr. Lopez is also the stepfather to Reina Perez, Teresa's daughter from another union. Since meeting his stepdaughter in 1999, Mr. Lopez has played a steadfast and positive role in her life.

Prior to his arrest, defendant was the sole financial provider for the family. Mr. Lopez's middle child, Connie, who accompanied her mother and sister to her father's sentencing, has had great difficulty accepting her father's arrest. An extended prison sentence will cause significant harm to the health of the children.

## V. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. The prospect of deportation was considered in Mr. Lopez's sentencing. *See, e.g., United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *13 (E.D.N.Y. Sept. 24, 2014).

In light of the nature and circumstances of the offense, and the history and characteristics of the defendant, on June 8, 2015, Mr. Lopez was sentenced to time served and a supervised release term of three years. *See supra* Part IV; U.S.S.G. § 5D1.1(a). A $100 special assessment was imposed. *See* 18 U.S.C. § 3013(a)(2)(A). No fine was levied and no restitution ordered because defendant does not possess substantial assets in the United States or in Mexico and is unlikely to possess such assets in the future.

## VI. Conclusion

General and specific deterrence are achieved by the sentence imposed. All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: June 15, 2015
Brooklyn, New York